The opinion of the court was delivered by
Duncan, J.
The doctrine of contribution, as respects the contribution to be made where there are several purchasers of several' tracts of land, the estate of one of whom has been sold on a judgment binding the lands of all, is untrodden ground, covered with difficulties. Where lands cannot be sold, but extended for payment of debts, scire facias, and audita querela, may afford ample .redress; but where the lands themselves may be sold as chattels, they are not calculated to meet the exigency.
The remedy by a personal action at common law, an action for money paid, laid out and expended, against the proprietor called on for contribution, would not be equitable, and equity is the basis of the action of assumpsit. For if it be a personal action, then prior judgments might intervene and exhaust the lien; and besides, in case of the proprietor’s death, what grade in the scale of priority is this to take ? Simple contract debt, by specialty, or judgment? And, moreover, the defendant before judgment might mortgage or sell the land. If it is devised, the heir might take it cum onere; but if the personal representatives are sued, how is the judgment to be ? Specific, de hac terra, or general ? These are some of the difficulties, but there is another still greater. The rights to land are very transitory. In the course of a few years *454 the title passes through many hands. Which of the owners would the right of a personal action attach on ? Or would it on all jointly or respectively giving to him calling for a contribution, the right to sue any one,' At law the party is driven to an audita querela or scire facias, to defeat the execution, and compel the execution against all. Most of the cases are in equity, and not at law: but still I apprehend it a proceeding in rem, in which the terretenants are made parties, and the decree for satisfaction out of the land. It is said by Lord Coke in Sir William Herbert’s Case, 3 Rep. 14, 6 b.,” note, Reader, where it is said before and after in the books, that if one purchaser be only extended for the whole debt, he shall have contribution, it is not thereby intended that the other shall give or allow him any thing by way of contribution, but it ought to be intended that the party only who is only extended for the whole may by audita querela, or scire facias, as the case may inquire, defeat the execution, and thereby he shall be restored to all the mesne profits; and compel the conuizee to sue execution for the whole land; so in this manner every one shall be contributors, hoc est the land of every terretenant be equally extended. ”
From this it would appear, that the whole proceeding must be in rem, and in reason it should be so. The lands may fall in value, the buildings may be consumed by fire, and in that case, it would be most unjust, {hat the purchaser should pay beyond the real value of the thing. He might claim to abandon it altogether. I can see no answer to these questions. This is one among some other instances in which our jurisprudence is defective for want of Chancery powers. If an action of common law can be supported, I think it can be only by proceeding in rem, and to judgment de terris, as in case of a legacy charged on land, where the action must be brought against the executors and terretenants, and the judgment be so entered as to charge the land only, and not the person of the defendant. Brown et al v. Furey’s Executors, 4 Serg, Rawle, 213. That jurisdiction was assumed ex necessitate. Gause v. Wiley, Ib. 525, there being no Court of Chancery here; and the same necessity exists in this case, and I do not say but that a writ and declaration might be so framed as to meet this case But it cannot be by an action of assumpsit, arising by implication of law where there is no express promise to pay. This was the case here, and the judgment is a general one and not specific, to be levied of this tract. Whether this would be cause to reverse the judgment is not necessary now to be decided, because there is an objection to the right itself, in every mode and form, at law and in equity. For this is not a case of contribution. No contribution lies between these parties. The plaintiff below could neither by audita querela, scire facias, or bill in equity, compel a contribution. I was struck with the reasons of the counsel of the plaintiffs in error, though they produced no adjudged cases, for why should *455 the second purchaser come in as the first. He can stand in no better situation than Vanleer. He took it subject to all the incumbrances against Vanleer. He was bound to look to the state in which Vanleer, and in which Nailer stood. ' How then did they stand ? Excluding this property sold to Nailer, there was land enough held by Vanleer to satisfy this judgment, It appeared to me in principle that Nailer could not be called on for contribution. A man seised of twenty tracts, worth & 20,000, is incumbered with a judgment for a ÜÜ000. Would any purchaser demur at this incumbrance, (knowing there was sufficient left to pay it,) to purchase one of these tracts. The plaintiffs first count discloses the fact of the defendant’s being the first purchaser, and that Van-leer had other lands sufficient to pay the judgment, among others, the very land which Stanley bought.
If the lands had descended, or been devised by Vanleer, his heir or devisee could not have compelled contribution. The purchaser stands in no better state. He had notice exactly of the state in which the judgment stood, and of the state in which Nailer stood with regard to Vanleer. Knowing all this, he buys, and knowing this, or having the means of knowing this from the record, it is not consistent with any just principle, that he could put Nailer in a worse state than he stood with Vanleer, or that Vanleer could convey to him any better right than he held himself. If we had a Court of Chancery, and the owner of a judgment had attempted to inforce it against the lands sold to Nailer, he would have been bound, upon due application, to have levied the judgment on the land remaining unsold by Vanleer, because it was his proper débt, and he ought to pay it; and the creditor could only resort, on that being exhausted, to the land sold to Nailer. Sir William Herbert’s Case, 3 Co. 11. Harrison v. Woodhouse, Select cases in Chancery, 3, 4, and in Ashwood & Aston’s Case, Coke and Hobart, both observed, that as against his own conveyance, the conuzor of a statute cannot require contribution. Now it does appear to me, that Stanley stood in the shoes of Vanleer; that they were both in equali jure, and this was the opinion of Chief Justice Kent,_ 5 Johns. Ch. 241, that there is no contribution between pur-* chasers in succession, at different times, of different parts of the estate, of a judgment debtor, for between' them there is no equality. This learned judge then puts our very case. “Thus, for instance, if there be. a judgment against a person owning at the time three acres of land, and he sells one acre to A., the two remaining acres are first chargeable in equity, with payment of the judgment debt, whether the lands be in the hands of the debtor himself,,or his heirs. If he sells another acre to B., the remaining acre is then chargeable in the first instance, with the debt as well against B. as against A., and if it should prove insufficient, the acre sold to B. ought to supply the deficiency, in preference to the acre already sold to A. because,” as he first observes,- when B. par- *456 chased his land, he took it chargeable with the debt in the hands of the debtor, and in this respect, we may say of him as of the heir, he sits in the seat of the grantor, and must take the land with all its equitable burdens, and it cannot be in the power of the debtor by the act of assigning, or selling his remaining lands, to throw the burden or a rateable part of it back on A.”
The debt is only a personal obligation of the debtor, and the charge on the land is by way of security, and is not analogous to a rent charge, which grows out of the land, and when any purchaser of a distinct part charged with the tent takes it, he takes it with such proportionable part.
The owners of the land in that case stand equal, and if the whole rent be levied on one, he shall be eased in equity by a contribution from the rest of the purchasers, because of the equality of rights between them. 1 Eq. ah. 112. Cites Carey's Rep. 3. -It is the opinion of the court that the judgment be reversed for this reason.
In Gill v. Lyon, 1 John. Ch. R. 440, the same principle had been decided. A mortgagee sold part of the mortgaged premises to Lyon, and the rest was sold under a subsequent judgment, and it was held, that the mortgage w as first to be satisfied out of the lands purchased under the judgment, and that Lyon was not bound in equity to bear any proportion of the mortgage debt, unless the residue of the mortgaged premises should not be sufficient to satisfy it, and in very plain terms the law is stated,- that a subsequent purchaser could not stand in a better situation than the judgment debtor as it respected the fair purchaser.
It is proper to observe, that this opinion is founded on the assumption, that the first conveyance is recorded within the six months, or notice of the conveyance given to the subsequent purchaser. On a different state of things the court give no opinion.
Judgment reversed.